IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BLAISE, | : | CIVIL NO. 3:12-CV-2298 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| FEDERAL BUREAU OF PRISONS, DAVID J. EBBERT, WARDEN, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Thomas Blaise ("Blaise"), a federal inmate housed at the Federal Prison Camp at Canaan ("FPC-Canaan"), Waymart, Pennsylvania, commenced this Bivens action on November 19, 2012.[1] (Doc. 1.) Named as defendants are the Federal Bureau of Prisons ("BOP") and Warden David J. Ebbert ("Warden Ebbert"). Presently pending is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b) or in the alternative, for summary judgment pursuant to Federal Rules of Civil Procedure 56, filed on behalf of both defendants. (Doc. 14.) Also pending is Blaise's motion for leave to amend his complaint. (Doc. 29). For the reasons that follow, the motion to dismiss will be granted and Blaise's motion to

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388(1971). A Bivens claim is an implied right of action allowing plaintiffs to sue federal agents acting under color of federal authority for civil rights violations. It is analogous to its statutory cousin, 42 U.S.C. § 1983, which allows federal suits of state agents who commit civil rights violations while acting under color of state law.

amend his complaint will be granted.

I. **Motion to Dismiss**

   A. **Allegations of the Complaint**

Blaise alleges that in April 2009, while incarcerated at FPC-Canaan, he suffered an injury to his left knee while playing basketball. (Doc. 1, at 2.) Pain and swelling in the knee caused him to seek medical treatment. (Id.) The Physician's Assistant ordered x-rays and administered pain medication. (Id.) He was not made aware of the results of his x-rays. (Id.) He continued to perform his landscaping duties which required him to work on hills and in difficult areas. (Id.)

He alleges that even though he regularly reported to sick call with complaints of pain and swelling in his knee, it was not until eighteen months later that he was sent for a Magnetic Resonance Imaging ("MRI") test. (Doc. 1, at 2.) After the MRI, he saw an orthopedic surgeon who informed Blaise that he suffered an injury to his Anterior Cruciate Ligament ("ACL"). (Id.) Blaise alleges that "the orthopedic surgeon said he will recommend surgery in [his] left knee that it was the only way of correcting the ALC [sic] or that [he] will suffer further consequences if [he] rejects the surgery." (Id. at 3.) He further alleges that in February 2011, he discovered that the BOP denied the surgery. He again requested the surgery be performed due to constant pain "and the fact that there has [sic] appear an increase of bone over bone in [his] left knee that creates more pain." (Id.)

He is seeking compensatory damages in the amount of one million dollars. (Doc. 1, at

2

6.)

## B. Rule 12(b)(1)

### 1. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) contests the court's authority to hear and decide the case. Federal courts are courts of limited jurisdiction; accordingly, every case begins with the presumption that the court lacks jurisdiction to hear it. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In a Rule 12(b)(1) motion, the party invoking jurisdiction has the burden of demonstrating that subject matter jurisdiction exists. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

### 2. Discussion

A Bivens cause of action was created in part because government agencies are immune from suit under the doctrine of sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 485 (1994). As a result of sovereign immunity, this court lacks subject matter jurisdiction over most claims against the United States and its agencies, including the BOP. See id. at 483–86; see also Munoz v. Attorney for U.S. Executive Office, No. 4:03–CV–2293, 2006 WL 2246413, at *7 (M.D.Pa. Aug.4, 2006) (dismissing Bivens claims against the United States for lack of subject matter jurisdiction because "constitutional claims against the United States are barred by sovereign immunity.") Blaise has not demonstrated a basis for subject matter jurisdiction and, therefore, the BOP's motion to dismiss will be granted.

Additionally, because a suit against a federal official in his or her official capacity is a

suit against the United States, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 61 (1989), a Bivens action does not lie against officials in their official capacity. Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002). Consequently any claims against Warden Ebbert in his official capacity will also be dismissed for lack of subject matter jurisdiction.

**B.  Rule 12(b)(6)**

1.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

4

544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000). "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citation omitted). The federal rules allow for liberal

amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).

2. Discussion

The required elements of a Bivens claim are (1) the conduct complained of was a person acting under color of law, and (2) the conduct deprived that person of a right, privilege, or immunity secured by the Constitution. See, e.g., Grohman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (describing elements of a § 1983 claim).

There is no respondeat superior liability for Government officials facing a Bivens action. Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 676. Therefore, an essential element of Blaise's claim requires that some action taken by Warden Ebbert violated his constitutional rights and caused his injuries. Blaise's claim against Warden Ebbert falls short in this regard and is therefore subject to dismissal.

II. **Leave to Amend**

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). In his motion to amend, Blaise alleges additional conduct on the part of Warden Ebbert and identifies

additional defendants responsible for the conduct of which he complains. (Doc. 29, at 2-3). Consequently, Blaise be afforded the opportunity to amend his complaint to cure the defects.

III. **Conclusion**

For the above-stated reasons, the court will grant defendants' motion to dismiss. (Doc. 14). Blaise's motion to amend (Doc. 29) will also be granted. An appropriate order follows.

**BY THE COURT:**

**s/James M Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: September 5, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BLAISE, | : | CIVIL NO. 3:12-CV-2298 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| DAVID J. EBBERT, WARDEN, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 5th day of September 2013, upon consideration of defendants' motion to dismiss (Doc. 14), and plaintiff's motion to amend (Doc. 29) his complaint, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendants' motion to dismiss (Doc. 14) is GRANTED.

2. Plaintiff's motion to amend (Doc. 29) is GRANTED.

3. Plaintiff may file a proposed amended complaint on or before September 20, 2013.

4. Any proposed amended complaint shall contain the same case number that is already assigned to this action (3:12-CV-2298) and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

5. Failure to file an amended complaint on or before September 20, 2013, will result in a dismissal of this action.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court